UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY LEE PRESTON,

      Plaintiff,                      Case No. 2:25-cv-12428

v.                               Honorable Susan K. DeClercq
                                 United States District Judge
DALE BONN,

      Defendant.

_____/

## ORDER TRANSFERRING CASE TO THE UNITED
## STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

Petitioner, Michigan prisoner Harvey L. Preston, is currently confined at the Ionia Correctional Facility in Ionia, Michigan, and has filed a pro se habeas petition challenging state convictions and sentences. ECF No. 1. Following a jury trial in the Oakland County Circuit Court, Petitioner was convicted of carjacking, Mich. Comp. Laws § 750.529a; unarmed robbery, Mich. Comp. Laws § 750.530; first-degree home invasion, Mich. Comp. Laws § 750.110a(2); and two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(c).[1] He was sentenced, as a second habitual offender, to concurrent terms of 30 to 60 years in prison on the carjacking conviction, 15 to 30 years in prison on the home invasion conviction, and

_____

[1] *See* Offender Profile, MICH. DEP'T OF CORRS. OFFENDER TRACKING INFO. SYS. ("OTIS"), https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=235 170 [https://perma.cc/5SK5-5EF4] (last visited November 12, 2025).

15 to 22 ½ years in prison on the unarmed robbery and criminal sexual conduct convictions in 2010.[2]

Because Petitioner is a convicted prisoner challenging his state convictions and sentences, his petition must be construed as one brought pursuant to 28 U.S.C. § 2254. *See Saulsberry v. Lee*, 937 F.3d 644, 647 (6th Cir. 2019) ("Inmates with final state court judgments thus must travel down the § 2254 road, while pretrial detainees must travel down the § 2241 path."). Petitioner, however, has previously filed a federal habeas petition challenging the same convictions and sentences at issue, which was denied on the merits. *See Preston v. Gidley*, No. 14-10606, 2017 WL 4572336 (E.D. Mich. Oct. 12, 2017), *recon. and cert. app. den.*, 2017 WL 11496896 (E.D. Mich. Nov. 30, 2017). The United States Court of Appeals for the Sixth Circuit also denied a certificate of appealability, *see Preston v. Smith*, No. 17-2389, 2018 WL 2222599 (6th Cir. Apr. 25, 2018), and the United States Supreme Court denied certiorari, *see Preston v. Smith*, 586 U.S. 973 (2018).

The Sixth Circuit has denied Petitioner authorization to file a second or successive habeas petition on multiple occasions and now requires him to seek leave of court before seeking authorization. *See, e.g.*, *In re Preston*, No. 24-1052 (6th Cir. Feb. 21, 2024) (denying authorization and reaffirming that Petitioner must seek leave of court for future filings); *In re Preston*, No. 24-1010 (6th Cir. Feb. 13, 2024)

---

[2] *Id.*

- 2 -

(same); *In re Preston*, No. 23-1997 (6th Cir. Feb. 13, 2024) (denying authorization); *In re Preston*, No. 23-1814 (6th Cir. Oct. 17, 2023) (denying Petitioner permission to seek authorization); *In re Preston*, No. 23-1662 (6th Cir. Aug. 31, 2023) (same); *In re Preston*, No. 22-1723 (6th Cir. Sept. 28, 2022) (same); *In re Preston*, No. 22-1072 (6th Cir. July 28, 2022) (denying authorization and requiring Petitioner to seek leave of court before seeking authorization); *In re Preston*, No. 21-2620 (6th Cir. Sept. 23, 2021) (denying authorization).

Under the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2241 *et seq*., an individual seeking to file a "second or successive" federal habeas petition "must move in the appropriate court of appeals for an order directing the district court to consider his application." *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998) (citing 28 U.S.C. § 2244(b)(3)(A)). This requirement transfers to the court of appeals an obligation to complete a screening function that the district court previously performed. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996). Petitioner has neither sought nor obtained appellate authorization to file a second or successive federal habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). Therefore, this Court concludes that it must transfer this case to the Sixth Circuit.

Accordingly, it is **ORDERED** that the Clerk of the Court **TRANSFER** this

case to the Sixth Circuit pursuant to 28 U.S.C. § 1631[3] and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief ... is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 18, 2025

---

[3]28 U.S.C. § 1631 provides in pertinent part:

> Whenever a civil action is filed in a court … and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court … in which the action … could have been brought at the time it was filed …, and the action … shall proceed as if it had been filed in …. the court to which it is transferred on the date upon which it was actually filed in ... the court from which it was transferred.

- 4 -